WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Arnoldo Sergio Martinez-Sanchez,

    Petitioner,

v.

United States of America,

    Respondent.

No. CV-17-00012-TUC-CKJ

**ORDER**

Pending before the Court is the Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (CV 17-012, Doc. 1; CR 15-512, Doc. 50)[1] filed by Movant Arnoldo Sergio Martinez-Sanchez ("Martinez-Sanchez"). A response (Doc. 8) has been filed.

*Procedural Background*

On February 21, 2015, Martinez-Sanchez was arrested on immigration charges in the District of Arizona and thereafter ordered detained on a felony complaint filed February 23, 2015. On March 18, 2015 an indictment was filed charging Martinez-Sanchez with Reentry of Removed Alien.

On February 5, 2016, United States Magistrate Judge Eric J. Markovich held the Change of Plea Hearing in the related criminal case. Martinez-Sanchez pleaded guilty to the indictment in CR 15-512 pursuant to a plea agreement before the magistrate judge.

---

[1]Unless otherwise stated, references to the record refer to the filings in CR 17-012.

The plea agreement waived Martinez-Sanchez's right to appeal or collateral attack in challenging his conviction or sentence, but this waiver did not bar a claim based on ineffectiveness assistance of counsel. (CR15-512, Doc. 34, p. 4). On February 22, 2016, this Court adopted the magistrate judge's findings and accepting Martinez-Sanchez's plea of guilty.

On April 15, 2016, Martinez-Sanchez appeared before the Court for sentencing. He was sentenced to forty-six (46) months imprisonment to be followed by three (3) years supervised release.

On June 17, 2016, Martinez-Sanchez appealed, arguing that he requested defense counsel to file an appeal to review the validity of the Removal Order. On September 23, 2016, the Ninth Circuit dismissed the appeal as untimely, and noted such a claim should be raised in habeas corpus proceedings.

On January 9, 2017, Martinez-Sanchez filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody in CR 15-512; the civil action was designated as CV 17-012. Martinez-Sanchez alleged one ground for relief: he received ineffective assistance of defense counsel when counsel failed to file a notice of appeal as directed by Martinez-Sanchez. The government has filed a response (Doc. 8).

*Ineffective Assistance of Counsel*

Martinez-Sanchez states that counsel was ineffective for failing to file a Notice of Appeal on his behalf. Generally, to succeed on a claim of ineffective assistance of counsel, a defendant must satisfy a two prong test, demonstrating: (1) deficient performance, such that counsel's actions were outside the wide range of professionally competent assistance, and (2) that the defendant was prejudiced by reason of counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 686-90, 104 S.Ct. 2052, 2064-66, 80 L.Ed.2d 674 (1984).

However, "[i]f a defendant, even one who has expressly waived his right to appeal,

files a habeas petition after sentencing and judgment claiming that he ordered his attorney to appeal and his attorney refused to do so," the Court can either hold an evidentiary hearing or, if the government does not object, "vacate and reenter the judgment, allowing the appeal to proceed[.]" *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1198 (9th Cir. 2004); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 475-76 (2000). The government asserts there is nothing in the record to support Martinez-Sanchez's claim that he requested counsel to file a Notice of Appeal. The government contends that Martinez-Sanchez never requested, either verbally, or in writing, nor through a third party that an appeal be filed in his behalf. Furthermore, relying on the affidavit of defense counsel, had Martinez-Sanchez requested a Notice of Appeal, one would have been filed immediately in order to preserve the possibility of appeal. The government states that the 2255 motion should be denied without an evidentiary hearing as Martinez-Sanchez has failed to meet the prongs of the *Strickland* test.

Section 2255 requires the district court hold an evidentiary hearing "[u]nless the motions and files and record of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. An evidentiary hearing is usually required if the motion states a claim based on matters outside the record or events outside the courtroom. *United States v. Burrows*, 872 F.2d 915 (9th Cir.1989), citations omitted. When raising a claim as presented in this case, the *Strickland* analysis has been reduced to a single two-part question: "did the petitioner instruct his attorney to file a notice of appeal and did the attorney fail to do so? A "yes" answer to both parts of this question would, in principle, determine that Petitioner is entitled to relief. That question must be resolved through an evidentiary hearing." *Sperling v. United States*, CV08-5198 AHM, 2009 WL 4349810 *3 (C.D.Cal. 2009). Also, an evidentiary hearing is necessary even if a plea agreement stipulated to a waiver of appeal or collateral attack when an ineffective assistance of counsel claim is specifically exempted. *Matta v. United States*, No. 11CR1100-LAB, 2014 WL 4627212, at *5 (S.D. Cal. Sept. 15, 2014). Here, like *Matta*, Martinez-Sanchez waived his right to appeal or collaterally attack his conviction or

sentence; however, the plea agreement did not bar an otherwise preserved claim of ineffective assistance of counsel. (CR15-512, Doc. 34, p. 8).

A section 2255 motion may also be denied by the district court without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. *Id.*; *see also Watts v. United States*, 841 F.2d 275, 277 (9th Cir.1988) ("[a]n evidentiary hearing is not required where the issue of credibility may be "conclusively decided on the basis of documentary testimony and evidence in the record").

Based on the evidence at this time, the Court finds it cannot be "conclusively decided" whether or not Martinez-Sanchez requested counsel to file a Notice of Appeal. The government has not pointed to any additional authority that, in these circumstances, the Court may resolve the conflict between Martinez-Sanchez's claim and the affidavit of counsel without an evidentiary hearing. *See Sperling; Perez-Gonzalez v. United States*, CV 08-286-S-BLW, 2009 WL 1240133 (D.Id. 2009) (existence of contradicting affidavit of counsel did not obviate need for evidentiary hearing). The Court finds it appropriate to schedule this matter for an evidentiary hearing.

*Appointment of Counsel*

Having determined that an evidentiary hearing is necessary in this matter, the Court will to appoint counsel to assist Martinez-Sanchez. *United States v. Duarte-Higareda*, 68 F.3d 369 (9th Cir. 1995). Martinez-Sanchez is advised that Roger H. Sigal will be appointed to represent him. Counsel's contact information is:

> Roger H. Sigal
> 447 S. Meyer Ave.
> Tucson, AZ 85701-1406
> 520.624.6222

Accordingly, IT IS ORDERED:

1. Martinez-Sanchez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

- 4 -

Correct Sentence by a Person in Federal Custody (CV 17-012, Doc. 1; CR 15-512, Doc. 50) is scheduled for an evidentiary hearing on November 13, 2017, at 2:00 p.m.

2. Roger H. Sigal is appointed to represent Martinez-Sanchez in this matter.

3. Counsel for the government shall ensure that Martinez-Sanchez is present for the scheduled hearing. Counsel may submit to the Court any motions/proposed orders that will facilitate Martinez-Sanchez's presence at the hearing.

Dated this 5th day of October, 2017.

_____
Honorable Cindy K. Jorgenson
United States District Judge